No. 9729.

SUCCESSION OF KATE TOWNSEND VS. TROISVILLE SYKES ET AL.,

AND

CLARK & MEADER VS. THOMAS DUFFY, CIVIL SHERIFF, ET ALS.

[ Consolidated. ]

Syllabus—Same as in case No. 9728, in the main action.

Pending an action involving the title of immovable property, which is rented under a previous contract of lease, the tenant, from whom the rents are adversely claimed by the parties, may be authorized to deposit the same as they mature, subject to the final decision of the cause, in a bank selected as judicial depository.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

*Breaux & Hall* and *J. Ad. Rozier* for Appellees.

*A. J. Murphy, H. Renshaw, B. McCloskey* and *W. S. Benedict* for Appellants.

The opinion of the Court was delivered by

POCHÉ, J.   The object of this action, instituted by the dative testamentary executor, is to annul and set aside a sale of a piece of immovable property inventoried in the succession of Kate Townsend, purported to have been made by Troisville Sykes, the universal

legatee under the will, at the same time that he was administering the estate as testamentary executor with the approval of the court, under whose order he had qualified as executor.

The pleadings, the facts and other incidents as well as the judgment appealed from, contained in this record, are substantially the same as in the case of the Succession of Kate Townsend vs. Troisville Sykes et al., No. 9728, this day decided by this Court.

Hence the conclusions reached and the judgment to be rendered must be the same, under the law which alike governs both cases.

In this case Clark & Meader, the tenants of the property in suit, filed an action against the Civil Sheriff et als., for the purpose of screening themselves from a suit or suits for rent, and from the payment of interests on their notes, for a lease of five years, falling due monthly. Alleging that, as the same rents were claimed by the sheriff, the dative testamentary executor and the ostensible owner of the property holding under his purchase from Sykes, they stated that they had made a monthly deposit in bank intended to cover the amount due each month on their notes at their respective maturity.

In his judgment the district judge decreed that the ownership of the notes followed that of the leased premises, and that they were the property of the succession, which was entitled to the funds which were ordered to be deposited in a designated bank as judicial depository until the final decision of the cause.

We think that the order of the judge is wise and legal, and understanding that on the affirmance of his judgment in the main cause, he will order the payment of the funds thus deposited to the legal representative of the succession, we approve of his order and ratify that feature of his judgment.

It is therefore ordered, that the judgment appealed from be affirmed in all particulars with costs in both courts.